IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMARTSKY NETWORKS, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 22-266 (GBW) |
| | ) |
| GOGO BUSINESS AVIATION, LLC, | ) |
| and GOGO INC., | ) |
| | ) |
| Defendants. | ) |

**SMARTSKY NETWORKS, LLC'S SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS COUNT IV OF THE COMPLAINT**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | Jack B. Blumenfeld (#1014) |
| | Rodger D. Smith II (#3778) |
| | Sarah E. Simonetti (#6698) |
| | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| Lance A. Lawson | (302) 658-9200 |
| BURR & FORMAN LLP | jblumenfeld@morrisnichols.com |
| 101 South Tryon Street, Suite 2610 | rsmith@morrisnichols.com |
| Charlotte, NC  28280 | ssimonetti@morrisnichols.com |
| (704) 347-1170 | |
| | *Attorneys for Plaintiff SmartSky Networks, LLC* |
| Ryan M. Corbett | |
| BURR & FORMAN LLP | |
| 201 North Franklin Street, Suite 3200 | |
| Tampa, FL  33602 | |
| (813) 221-2626 | |

June 17, 2022

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Gogo Provides No Evidence That the '077 Patent Claims are Indefinite ............... 1

    B. The Scope of the '077 Patent Claims is Clear .......................................................... 2

    C. The Cases Gogo Cites are Inapposite ...................................................................... 3

III. CONCLUSION ............................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Blackbird Tech v. Uber Techs., Inc.*,
    2020 WL 58535 (D. Del. Jan. 6, 2020) ...................................................................................1

*Icon Health & Fitness, Inc. v. Polar Electro Oy*,
    656 F. App'x 1008 (Fed. Cir. 2016) ......................................................................................4

*Intel Corp. v. VIA Techs., Inc.*,
    319 F.3d 1357 (Fed. Cir. 2003) ..............................................................................................1

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
    424 F.3d 1374 (Fed. Cir. 2005) ..........................................................................................2, 4

*Mallinckrodt, Inc. v. Masimo Corp.*,
    147 F. App'x 158 (Fed. Cir. 2005) .........................................................................................2

*Nevro Corp. v. Boston Sci. Corp.*,
    955 F.3d 35 (Fed. Cir. 2020) ..............................................................................................2, 4

*Quantum Corp. v. Rodime, PLC,*
    65 F.3d 1577 (Fed. Cir. 1995) ................................................................................................3

*Research Frontiers, Inc. v. E Ink Corp.*,
    2016 WL 1169580 (D. Del. Mar. 24, 2016) ...........................................................................2

*SmithKline Beecham Corp. v. Apotex Corp.*,
    403 F.3d 1331 (Fed. Cir. 2005) ..........................................................................................2, 3

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
    537 F.3d 1357 (Fed. Cir. 2008) ..............................................................................................4

*Trusted Knight v. Int'l Bus. Machines Corp.*,
    681 F. App'x. 898 (Fed. Cir. 2017) .......................................................................................3

## I.     INTRODUCTION

In its Answering Brief (D.I. 81) in opposition to Gogo's Motion to Dismiss Count IV of the Complaint (D.I. 53), SmartSky explained why Gogo is not required to make, use, sell, offer to sell, or import "terrestrial base stations" to infringe the asserted claims of U.S. Patent No. 9,730,077 ("the '077 Patent"). In short, the "terrestrial base stations" are merely used as a reference point to describe the RF spectrum used by the claimed air-to-ground (ATG) network. *See* D.I 81 at 8-12. In its Reply Brief (D.I. 84), Gogo argued for the first time that SmartSky's interpretation of the claims would render the claims indefinite, and the claims should therefore be construed to require the "terrestrial base stations" to preserve validity. D.I. 84 at 8-9. Gogo misapplies the law of indefiniteness to support its argument, and fails to provide *any* evidence, much less clear and convincing evidence, to support its indefiniteness argument.

## II.    ARGUMENT

### A.     Gogo Provides No Evidence That the '077 Patent Claims are Indefinite

Gogo argues that under SmartSky's interpretation of the '077 Patent claims, the claim are indefinite because: (1) there is no way to determine which terrestrial base stations it should evaluate to determine if they are using the same RF spectrum as Gogo's ATG network; and (2) Gogo has no control over the RF spectrum used by such third party terrestrial base stations. D.I. 84 at 9. Gogo's arguments fail for multiple reasons. First, "[a]ny fact critical to a holding on indefiniteness . . . must be proven by the challenger by clear and convincing evidence." *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003). For this reason, deciding indefiniteness on the pleadings is "the exception and not the rule." *Blackbird Tech v. Uber Techs., Inc.*, 2020 WL 58535, at *8 (D. Del. Jan. 6, 2020) (denying Rule 12(b)(6) motion alleging indefiniteness). Here, Gogo provides *zero* evidence that one skilled in the art would not be able to determine which "terrestrial base stations" the '077 Patent claims reference. Because Gogo supports its motion with

mere attorney argument, its motion should be denied. *See Mallinckrodt, Inc. v. Masimo Corp.*, 147 F. App'x 158, 179 (Fed. Cir. 2005) (rejecting indefiniteness argument based "entirely on attorney argument"); *Research Frontiers, Inc. v. E Ink Corp.*, 2016 WL 1169580, at *22 (D. Del. Mar. 24, 2016), report and recommendation adopted, 2016 WL 7217217 (D. Del. Dec. 13, 2016) (mere attorney argument is "insufficient to establish indefiniteness").

### B. The Scope of the '077 Patent Claims is Clear

Second, in addition to Gogo's fatal lack of evidence, Gogo improperly conflates indefiniteness with the ability to detect infringement. The '077 Patent claims are not indefinite merely because an ATG network provider may have difficulty determining whether a third-party operator of a terrestrial network is using the same RF spectrum. *See Nevro Corp. v. Boston Sci. Corp.*, 955 F.3d 35, 39 (Fed. Cir. 2020) (indefiniteness not based on ability to determine infringement); *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1340 (Fed. Cir. 2005) (difficulty in detecting infringement does not render claim indefinite); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1384 (Fed. Cir. 2005) (rejecting indefiniteness argument based on "difficulty of avoiding infringement"). In *Nevro*, the Federal Circuit found a claim term for generating a "paresthesia-free" signal (i.e., a signal that does not generate paresthesia in a patient) was definite where the specification provided examples of the amplitude and frequency of such signals, even though the same signal may generate paresthesia in some patients but not others. 955 F.3d at 39-40. The Federal Circuit specifically rejected infringement-focused arguments like the one raised by Gogo here, finding that "[d]efiniteness does not require that a potential infringer be able to determine *ex ante* if a particular act infringes the claims." *Id*. at 40; *see also SmithKline*, 403 F.3d at 1340 (determining definiteness based on whether "potential infringers would not be able to determine (and avoid) infringement . . . misses the proper purpose of the definiteness requirement.").

2

Here, the '077 Patent claims specify the relevant terrestrial base stations as those "configured to communicate primarily in a ground communication layer below the first altitude via a terrestrial communication network," and Gogo has provided no evidence that one skilled in the art would be unable to identify such terrestrial base stations. Moreover, the premise of Gogo's argument that SmartSky's interpretation would be unfair because an ATG provider has no control over the RF spectrum used by third party terrestrial base stations has been repeatedly rejected by the Federal Circuit. *See SmithKline*, 403 F.3d at 1340 (reversing district court's indefiniteness finding based on "fear[] that potential infringers would not be able to determine (and avoid) infringement," noting that "a court must construe claims without considering the implications of covering a particular product or process"); *Quantum Corp. v. Rodime*, PLC, 65 F.3d 1577, 1584 (Fed. Cir. 1995) ("[I]t is well settled that no matter how great the temptations of fairness or policy making, courts do not redraft claims."). Gogo's infringement-based arguments have no bearing on indefiniteness.

### C. The Cases Gogo Cites are Inapposite

Gogo cites two cases in support of its indefiniteness argument, both of which are easily distinguishable. In *Trusted Knight v. Int'l Bus. Machines Corp.*, the Federal Circuit found that a claimed step of performing an action "in response to" malware performing a process called "software key logging" was indefinite because it was ambiguous whether the response is triggered by the claimed malware, or merely the threat of malware, whether or not it was detected or present. 681 F. App'x 898, 903 (Fed. Cir. 2017). Unlike the ambiguous claim term in *Trusted Knight*, the "terrestrial base stations" of the '077 Patent claims are not ambiguous, nor is the claim element specifying that the ATG base stations use the same RF spectrum as the terrestrial base stations. Tellingly, Gogo does not argue that either of these portions of the claim are ambiguous, instead arguing that it may be difficult to determine infringement due to the actions of third parties, which

3

was not at issue in *Trusted Knight*, nor is it relevant to indefiniteness. *See Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1373 (Fed. Cir. 2008) (rejecting argument "really talking about the difficulty of avoiding infringement, not indefiniteness of the claim").

Gogo's reliance on *Icon Health* is likewise misplaced. In *Icon Health & Fitness, Inc. v. Polar Electro Oy*, the terms "in-band communication" and "out-of-band communication" were indefinite because the meaning of those terms was subjective and "could vary from day-to-day and from person-to-person." 656 F. App'x 1008, 1016 (Fed. Cir. 2016). Again, Gogo does not contend that the meaning of the claim element regarding using the same RF spectrum is subjective; rather, Gogo argues that it has no control over whether a third-party operator of terrestrial base stations is using the same or different RF spectrum as Gogo's ATG network. But as explained above, difficulty in determining infringement does not render a claim indefinite. *See e.g.*, *Nevro*, 955 F.3d at 40 ("Definiteness does not require that a potential infringer be able to determine *ex ante* if a particular act infringes the claims."); *Star Sci.*, 537 F.3d at 1373 ("The test for indefiniteness does not depend on a potential infringer's ability to ascertain the nature of its own accused product to determine infringement, but instead on whether the claim delineates to a skilled artisan the bounds of the invention.") (quoting *Invitrogen*, 424 F.3d at 1384).

### III. CONCLUSION

For the foregoing reasons and those set forth in SmartSky's Answering Brief, Gogo's Motion to Dismiss should be denied.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Rodger D. Smith II (#3778) |
| Lance A. Lawson | Sarah E. Simonetti (#6698) |
| BURR & FORMAN LLP | 1201 North Market Street |
| 101 South Tryon Street, Suite 2610 | P.O. Box 1347 |
| Charlotte, NC  28280 | Wilmington, DE  19899 |
| (704) 347-1170 | (302) 658-9200 |
| | jblumenfeld@morrisnichols.com |
| Ryan M. Corbett | rsmith@morrisnichols.com |
| BURR & FORMAN LLP | ssimonetti@morrisnichols.com |
| 201 North Franklin Street, Suite 3200 | |
| Tampa, FL  33602 | *Attorneys for Plaintiff SmartSky Networks, LLC* |
| (813) 221-2626 | |
| | |
| June 17, 2022 | |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 17, 2022, upon the following in the manner indicated:

Kelly E. Farnan, Esquire
Tyler E. Cragg, Esquire
Griffin A. Schoenbaum, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

Thomas D. Rein, Esquire
Stephanie P. Koh, Esquire
Nathaniel C. Love, Esquire
Julia G. Tabat, Esquire
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)