IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMARTSKY NETWORKS, LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 22-266 (JDW) |
| | ) |
| GOGO BUSINESS AVIATION, LLC, | ) **REDACTED - PUBLIC VERSION** |
| and GOGO INC., | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) |

**PLAINTIFF SMARTSKY NETWORKS, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO BIFURCATE DAMAGES FOR A SEPARATE PHASE OF TRIAL OR, IN THE ALTERNATIVE, TO CONTINUE TRIAL, TO PERMIT LIMITED <u>SUPPLEMENTATION OF EXPERT REPORTS ON DAMAGES</u>**

OF COUNSEL:

Lance A. Lawson
G. Wade Leach
Mason P. Veal
BURR & FORMAN LLP
101 South Tryon Street, Suite 2610
Charlotte, NC  28280
(704) 347-1170

Ryan M. Corbett
SHUMAKER, LOOP & KENDRICK LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, FL  33602
(813) 229-7600

Benjamin R. Jenkins, IV
BURR & FORMAN LLP
1221 Main Street, Suite 1800
Columbia, SC  29201
(803) 799-9800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
Travis J. Murray (#6882)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
mdellinger@morrisnichols.com
tmurray@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Plaintiff SmartSky Networks, LLC*

P. Cade Spivey
BURR & FORMAN LLP
Bank of America Tower
50 North Laura Street, Suite 3000
Jacksonville, FL  32202
(904) 232-7200

October 27, 2025

TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................ 1

II. LEGAL STANDARD .................................................................................................. 3

III. ARGUMENT ............................................................................................................... 4

    A.    The upcoming trial should be bifurcated into liability and damages phases, or alternatively, a brief continuance of the current trial setting should be ordered..... 4

        1. Bifurcation is the most efficient way to reach a merits-based adjudication ..... 4

        2. Alternatively, a short continuance of the current trial setting would be appropriate ................................................................................................... 7

    B.    Limited supplementation of expert reports on damages is appropriate here .......... 8

    C.    Bifurcation or a short continuance will be the most efficient method to ensure an appropriate disposition of the litigation. .............................................................. 10

IV. PROPOSED BRIEFING SCHEDULE ....................................................................... 12

V. CONCLUSION ........................................................................................................... 12

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
  C.A. No. 16-453 (RGA), D.I. 619 (D. Del. Oct. 30, 2018) ............................................. passim

*Acceleration Bay v. Activision Blizzard Inc.*,
  C.A. No. 16-453-RGA, D.I. 578 (Aug. 29, 2018) ...................................................................8

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014), *overruled on separate grounds by Williamson
  v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) ............................................................10

*Bd. of Regents v. Bos. Sci. Corp.*,
  C.A. No. 18-392-GBW, 2022 WL 17403478 (D. Del. Dec. 2, 2022) ...................................3, 4

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D. Del. 2002) ..................................................................................................3

*Dow Chem. Co. v. Mee Indus., Inc.*,
  341 F.3d 1370 (Fed. Cir. 2003) ...............................................................................................10

*Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v.
  Sirius XM Radio Inc.*,
  No. 1:17CV184, 2025 WL 2643493 (D. Del. Sept. 15, 2025) ..................................................3

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209 (Fed. Cir. 1987) .................................................................................................3

*In re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ...............................................................................................10

*Info-Hold, Inc. v. Muzak LLC*,
  783 F.3d 1365 (Fed. Cir. 2015) ...............................................................................................10

*Insight Equity v. Transitions Optical, Inc.*,
  C.A. No. 10-635 (RGA), 2016 WL 7031281 (D. Del. Nov. 30, 2016) .....................................2

*Jackson v. NuVasive*,
  C.A. No. 21-53-RGA .........................................................................................................5, 11

*Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*,
  757 F. Supp. 2d 431 (D. Del. 2010) ..........................................................................................4

*Meyers v. Pennypack Woods Home Ownership Assn.*,
　559 F.2d 894 (3d Cir. 1977)..................................................................................................1

*Parish v. Lansdale*,
　No. CV-17-00186-TUC-JGZ, 2021 WL 1827233 (D. Ariz. May 7, 2021)..............................4

*Robert Bosch LLC v. Alberee Prods., Inc.*,
　C.A. No. 12-574 (LPS), 2017 WL 376270 (D. Del. Jan. 24, 2017) ........................................2

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*,
　C.A. No. 17-1734 (RGA), 2021 WL 982730 (D. Del. Mar. 16, 2021) ...................................4

*SUNOCO Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
　C.A. No. 17-1390, 2020 WL 7330715 (D. Del. Jan. 13, 2020)......................................2, 8, 11

*Versata Software, Inc. v. SAP Am., Inc.*,
　717 F.3d 1255 (Fed. Cir. 2013)..............................................................................................11

*Wirtgen Am., Inc. v. Caterpillar, Inc.*,
　C.A. No. 1:17-CV-00770-JDW, 2024 WL 4216057 (D. Del. Sept. 17, 2024)................7, 8, 11

**Rules and Statutes**

35 U.S.C. § 284................................................................................................................. *passim*

Fed. R. Civ. P. 1 ......................................................................................................................4

Fed. R. Civ. P. 16(b)(4)........................................................................................................1, 3

Fed. R. Civ. P. 26....................................................................................................................1

Fed. R. Civ. P. 42(b) ........................................................................................................1, 3, 6

Fed. R. Civ. P. 54(b) ..............................................................................................................12

Plaintiff SmartSky Networks, LLC ("SmartSky") respectfully moves the Court to exercise its discretion to (i) bifurcate the issue of damages for a separate phase of trial under Fed. R. Civ. P. 42(b) or, alternatively, to continue the current trial setting under Fed. R. Civ. P. 16(b)(4); and, in either event, (ii) permit limited supplementation of expert reports on damages. This narrowly-tailored relief will promote adjudication on the merits, ensure that a jury hears SmartSky's damages evidence on a properly developed record, minimize prejudice and disruption to the Court's schedule, and allow efficient resolution of the patent claims, including damages, on the merits.

## I.    INTRODUCTION

Just over a year ago (October 25, 2024), Gogo filed its Motion to Exclude Mr. Bryce Cook's Damages Opinions (D.I. 363), Motion to Exclude the Improper Testimony of Mr. Ryan Stone (D.I. 364), and Motion for Summary Judgment of No Lost Profits (D.I. 377). The parties briefed these motions, and on August 8, 2025, the Court ruled that Mr. Stone should have been disclosed as an expert witness under Rule 26, and ordered the parties to submit additional briefing on the appropriate remedy under *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 905 (3d Cir. 1977). (D.I. 502).

On October 21, 2025, the Court granted Gogo's motions to exclude Bryce Cook's lost profits testimony and for summary judgment of no lost profits, and to exclude Mr. Cook's opinion regarding a reasonably royalty rate. (D.I. 552, 553).

SmartSky respectfully submits that this decision on the eve of trial has a prejudicial impact on SmartSky's ability to present a complete damages case. But in accordance with how the Court has handled other cases under similar circumstances, this prejudice can be ameliorated by permitting SmartSky an opportunity to correct the deficiencies the Court discussed in its Memorandum and Order in a manner that avoids the significant prejudice to SmartSky.

1

SmartSky respectfully seeks a modest, targeted procedural adjustment to address those issues without derailing the case. Bifurcating damages will permit the parties and the Court to try liability as scheduled, while reserving a short, post-liability damages phase of trial after the parties have completed limited expert discovery on the narrow damages topics identified in the Court's Memorandum and Order, namely (i) permitting Mr. Stone to testify as an expert, if necessary, regarding the commercial acceptability of Gogo's proposed noninfringing alternatives and SmartSky's manufacturing capacity; (ii) permitting supplementation of Mr. Cook's opinion as to the existence of commercially acceptable, noninfringing alternatives and SmartSky's STC capacity and schedules; and (iii) permitting supplementation of Mr. Cook's opinion regarding a reasonable royalty rate further addressing Gogo's ANSA Agreement with Intelsat concerning a royalty for use of the accused infringing Gogo 5G ATG network. Alternatively, if the Court would prefer a single trial, SmartSky requests a brief continuance and the same limited supplementation of expert reports on damages so that damages may be presented to the jury on an appropriately developed record.

Either course ensures resolution of this case on its merits, and will avoid the undue prejudice and draconian consequences that flow from foreclosing testimony or opinion evidence from SmartSky's damages expert. *Cf. Robert Bosch LLC v. Alberee Prods., Inc.*, C.A. No. 12-574 (LPS), 2017 WL 376270, at *6 (D. Del. Jan. 24, 2017) (noting "public policy favors resolution of cases on the merits"); *SUNOCO Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, C.A. No. 17-1390 (LPS-CJB), 2020 WL 7330715, at *1 (D. Del. Jan. 13, 2020) ("A decision granting Defendant's *Daubert* motion and denying Plaintiff an opportunity to submit a revised damages theory would be dispositive." (quoting *Insight Equity v. Transitions Optical, Inc.*, C.A. No. 10-635 (RGA), 2016 WL 7031281, at *1 (D. Del. Nov. 30, 2016)).

## II.     LEGAL STANDARD

Fed. R. Civ. P. 42(b) authorizes bifurcation of a case into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize" the resolution of a case on its merits. The Court "has broad discretion in separating issues and claims for trial." *Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2025 WL 2643493, at *2 (D. Del. Sept. 15, 2025) (quoting *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)).

Courts, particularly in complex patent litigation, often bifurcate liability and damages where doing so promotes efficiency, reduces juror confusion, and allows for targeted discovery on damages issues. *E.g.*, *Bd. of Regents v. Bos. Sci. Corp.*, No. CV 18-392-GBW, 2022 WL 17403478, at *2 (D. Del. Dec. 2, 2022) (granting motion to bifurcate "because bifurcation could conserve judicial economy and will enhance juror comprehension"); *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) ("Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case. . . . [T]he major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." (cleaned up)).

Fed. R. Civ. P. 16(b)(4) permits modifications to the case schedule for "good cause." Courts may grant a continuance of a trial date where a ruling implicates the plaintiff's ability to present an acceptable damages case. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453 (RGA), D.I. 619 (D. Del. Oct. 30, 2018) (continuing trial after excluding portions of patentee's damages expert opinion and permitting parties to supplement damages expert reports ), attached as Exhibit A.

3

### III. ARGUMENT

The cornerstone of the Federal Rules of Civil Procedure is that cases should proceed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Parish v. Lansdale*, No. CV-17-00186-TUC-JGZ, 2021 WL 1827233, at *1 (D. Ariz. May 7, 2021) (*citing* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 2003) (". . . The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation.")).

### A. The upcoming trial should be bifurcated into liability and damages phases, or alternatively, a brief continuance of the current trial setting should be ordered

#### 1. Bifurcation is the most efficient way to reach a merits-based adjudication

Under 35 U.S.C. § 284, patentees are entitled to no less than a reasonable royalty to compensate for patent infringement. Such damages are frequently determined in a separate proceeding after liability is established. *E.g.*, *Boston Scientific*, 2022 WL 17403478, at *1 ("The Court 'should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension . . . .'" (quoting *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, C.A. No. 17-1734 (RGA), 2021 WL 982730, at *1 (D. Del. Mar. 16, 2021)); *see also Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) ("The Court finds it proper to exercise its discretion and try infringement separately from the issues of damages and willfulness. Judicial resources may be conserved through bifurcation, as liability may not be found, or even if found it may simplify the subsequent damages and willfulness trial. The burden on the jury, and risk of juror confusion, will also be reduced by trying these issues separately.").

Gogo has now, on the eve of trial, sought to create a new issue for pretrial determination. *See* Gogo's Motion for Leave to File Expedited Motion for Summary Judgment of No Damages.

4

(D.I. 554 *et seq.*). Putting aside the substantive shortcomings of Gogo's motion,[1] the reality is that there are new issues pertaining to SmartSky's damages case that the Court will need to decide prior to trial. As the Court recently noted, this "leave[s] everyone scrambling on the eve of trial to incorporate new information and . . . leads to disputes that would distract from trial itself." (D.I. 552 at 11).

Bifurcation, on the other hand, will permit the parties to proceed to a liability trial as scheduled while permitting efficiency and avoiding prejudice. The jury can decide infringement, willful infringement, and validity without being asked to weigh incomplete damages evidence. If SmartSky prevails on liability, the parties can present damages in a discrete proceeding on a fuller record. Bifurcation also minimizes disruption, not only from Gogo's last-minute and now pre-trial summary judgment briefing, but also will avoid asking a jury to evaluate lay testimony and factual evidence while evaluating complex questions of damages.

Here, bifurcating trial is the sensible solution where supplementation or correction of damages reports following exclusion of expert evidence at or on the eve of trial will permit a more orderly decision of the issues in dispute. *See Jackson v. NuVasive*, C.A. No. 21-53-RGA, Pre-Trial Hearing Trans. (Apr. 11, 2025), at 7:22-8:1, 11:7-13, 13:1-18 (noting that "bifurcating damages and putting that off for another day because . . . it is pretty evident that the basis on which I excluded [an expert's] opinions is probably not that hard to fix."), attached as Exhibit B.

---

[1] For example, if Gogo thought it was entitled to summary judgment of no damages, the time for such a motion was prior to the dispositive motion deadline, not on the eve of trial. Gogo's new motion suffers from several other fatal defects as well, which SmartSky will address and brief more thoroughly in its response to that motion.

5

To be clear, SmartSky does not propose any new damages theories out of whole cloth. SmartSky instead seeks leave specifically to conduct the following items that remedy the deficiencies the Court noted in its order:

(i) permitting Mr. Stone to testify as an expert, if necessary, regarding the commercial acceptability of Gogo's proposed noninfringing alternatives and SmartSky's manufacturing capacity (and permitting Gogo a deposition of Mr. Stone);

(ii) permitting supplementation of Mr. Cook's opinion as to the existence of commercially acceptable, noninfringing alternatives and SmartSky's STC capacity and schedules;[2] and

(iii) permitting supplementation of Mr. Cook's opinion regarding a reasonable royalty rate further addressing Gogo's ANSA agreement with Intelsat concerning a royalty for use of the accused infringing Gogo 5G ATG network, specifically with respect to the economic comparability of the ANSA agreement.

Separating liability from the damages portion of this trial aligns with the objectives of Rule 42(b) by reducing juror confusion through streamlining the presentation of distinct bodies of evidence and expert analysis. SmartSky would respectfully propose that the liability phase proceed on the current schedule, and the damages phase proceed as scheduled in the next several months at the Court's convenience.

---

[2] There is also record evidence to support SmartSky's argument in this regard. By way of example, SmartSky produced projections of the STCs it expected to have as early as 2018 and 2019 – prior to Gogo's announcement of Gogo 5G and long before Gogo announced related deals with any customer. *See, e.g.*, SSN0000093928 (dated March 5, 2019), attached hereto as Exhibit C.

### 2. Alternatively, a short continuance of the current trial setting would be appropriate

If the Court prefers a single trial on all issues, a short continuance coupled with the same, limited supplementation of expert discovery will enable the parties to complete narrowly-tailored expert discovery on damages without undue burden to either party.

In *Acceleration Bay LLC v. Activision Blizzard Inc.*, the Court excluded a portion of the plaintiff's damages expert's reasonable royalty opinion, which ultimately had a significant impact on the plaintiff's damages theory. Slip op., Ex. A at 1. In the weeks leading up to trial, the Court sought to clarify the plaintiff's revised damages theories, and suggested either bifurcating the trial into liability and damages phases, or continuing trial altogether. *Id.* at 1-2. With it becoming apparent that the late change to the plaintiff's damages theories on the eve of trial would consume extensive judicial resources, and "[c]onsidering the last-minute scramble going to trial would have caused," the Court decided to "continue the trial indefinitely, pending resolution on the admissibility of Plaintiff's damages case." *Id.* at 2.

As with the proposed bifurcation, a short continuance of the current trial setting would be appropriate considering the magnitude of the impact that the Court's Order (D.I. 553) had on SmartSky's damages case. Although SmartSky is entitled to at least a reasonable royalty award for Gogo's infringement of SmartSky's patents, Gogo has already signaled that it intends to proceed forward with an untimely summary judgment motion to relitigate this issue just a few weeks before trial. *See Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 1:17-CV-00770-JDW, 2024 WL 4216057, at *13 (D. Del. Sept. 17, 2024) (denying JMOL motion to exclude damages evidence and set damages at zero "because, upon a finding of infringement, a court 'shall award . . . no . . . less than a reasonable royalty.'" (quoting 35 U.S.C. § 284)). Instead of the late (and unwarranted)

7

blitz to attempt to foreclose *any* damages theory that SmartSky may have, a short continuance is the more appropriate and efficient path forward.

> **B.      Limited supplementation of expert reports on damages is appropriate here**

Upon proving that Gogo has infringed SmartSky's patents, SmartSky is entitled to not less than a reasonable royalty. 35 U.S.C. § 284. The reasonable royalty is a mandatory floor; the Court may not set damages at zero. *Id.*; *see also Wirtgen*, 2024 WL 4216057, at *13 ("I also can't set damages at zero because, upon a finding of infringement, a court shall award no less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." (cleaned up)).

When courts strike or otherwise limit a plaintiff's damages theory in the lead-up to trial, they also will permit the plaintiff to supplement its damages expert's opinion to cure any deficiencies the court excluded on a *Daubert* motion. For example, in *Sunoco*, the Court granted a *Daubert* motion excluding the evidence of the plaintiff's damages expert, but permitted the plaintiff's expert to supplement his opinion. *SUNOCO*, 2020 WL 7330715, at *1. The Court found that the expert failed to apportion and otherwise show that no apportionment was required, but ordered that "Sunoco be provided an opportunity to present a supplemental expert damages report to address the deficiencies in [the expert's] analysis, based on facts currently in the record. If Sunoco serves such a report, Sunoco shall make [the expert] available for a short deposition. Defendants may also file a rebuttal damages report." *Id.* at *7.

Similarly, in *Acceleration Bay*, two months before trial, Judge Andrews issued an order excluding the reasonable royalty opinion of plaintiffs' damages expert. *Acceleration Bay v. Activision Blizzard Inc.*, C.A. No. 16-453-RGA, D.I. 578 (Aug. 29, 2018), attached as Exhibit D. The Court held supplemental briefing to determine whether plaintiff had admissible damages

8

theories, with briefing completed five days before the start of trial. *Acceleration Bay*, Slip op. at 1-2 (Exhibit A). Unable to make a determination before trial, Judge Andrews

> suggested that the trial could go forward without damages or the trial could be continued pending the resolution of issues with Plaintiffs damages case. The Parties were unable to reach an agreement on the proper course of action. … **Considering the last-minute scramble going to trial would have caused, I determined that it was appropriate to continue the trial indefinitely, pending resolution on the admissibility of Plaintiffs damages case. . . . Now that the trial has been continued, I will permit Plaintiff a final opportunity to present me with an admissible damages case. Plaintiff may supplement its expert reports if it wishes to do so. If Plaintiff supplements, Defendant may do so also. Once any supplementation has occurred, and any further expert depositions have been conducted, Plaintiff shall provide me with a proffer of the case it intends to submit to the jury on damages**.

*Id.* at 2-3 (emphasis added).

SmartSky proposes that the parties provide limited supplementation of expert reports on damages addressing the following: (a) commercial acceptability and availability of alleged non-infringing alternatives including Gogo's alleged non-infringing design around alternatives; (b) SmartSky's manufacturing capacity and ability to obtain STCs before and during the infringement period; (c) comparability analysis of Gogo's ANSA agreement, and (d) apportionment methodologies and inputs.

SmartSky proposes the following for the limited supplementation:

1. Supplementation of Expert Reports. SmartSky's damages expert (Mr. Cook) will serve a supplemental damages report on the above-identified issues within twenty-one (21) days of the Court issuing an order granting this motion. Twenty-one (21) days thereafter, Gogo may serve a rebuttal expert report. Then fourteen (14) days later, SmartSky may serve a reply report.

2. Depositions. The parties may depose the other party's damages experts (including Mr. Stone) for up to four hours limited to the supplemental expert reports served

> by each party, and shall complete those depositions within twenty-one (21) days of service of SmartSky's reply report.
>
> 3. Motions. Any *Daubert* motions limited to issues arising from the supplemental reports will filed within fourteen (14) days of the close of the expert deposition period.

If bifurcated, the jury trial on liability will begin as scheduled on November 17, 2025 and, after the conclusion of the parties' supplementation, there will be jury trial on patent damages. If the Court grants a short continuance of the jury trial on all issues, a trial date will be set at the Court's convenience after the short supplementation period. The above structure will cure any prejudice, afford both sides a fair opportunity to present admissible damages evidence, and preserve judicial economy.

**C.  Bifurcation or a short continuance will be the most efficient method to ensure an appropriate disposition of the litigation.**

Supplementation of expert reports – with either bifurcation or continuance of the currently-scheduled trial – will be the most efficient path to ensure a "just final disposition" of the litigation. *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

Federal Circuit and District of Delaware case law confirms SmartSky's right to present liability and damages to a jury, including at minimum a reasonable royalty. As the Federal Circuit has explained,

> [A] patentee's failure to show that its royalty estimate is correct is insufficient grounds for awarding a royalty of zero. By extension, the exclusion of the patentee's damages evidence is not sufficient to justify granting summary judgment. As we made clear in *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381 (Fed. Cir. 2003), 35 U.S.C. § 284 requires the district court to award damages in an amount no less than a reasonable royalty even if the plaintiff's has no evidence to proffer.

*Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (citations and quotations omitted)); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1326–28 (Fed. Cir. 2014),

10

*overruled on separate grounds by Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1267–68 (Fed. Cir. 2013) (permitting plaintiff to establish reasonable royalty through cross-examination of defendant's expert witness); *Wirtgen*, 2024 WL 4216057, at *13 ("I also can't set damages at zero because, upon a finding of infringement, a court 'shall award . . . no . . . less than a reasonable royalty.'" (quoting 35 U.S.C. § 284)).

Additionally, Gogo took issue only with Mr. Cook's reasonable royalty opinion as it pertained to the comparability of the Gogo-Intelsat ATG network sharing agreement and his failure to apportion. (D.I. 365 at 13-18). Gogo did not take issue with Mr. Cook's analysis on the other *Georgia-Pacific* factors.

Gogo will ostensibly seek to challenge *any* basis through which SmartSky intends to present its damages theories before the jury. Instead of the deluge of last-minute scrambling on the eve of trial, SmartSky submits that supplementation of expert reports, especially for relatively straightforward issues, can be addressed through limited supplementation and deposition testimony. *See* Ex. B, *Jackson*, C.A. No. 21-53 RGA, Pre-Trial Hearing Trans. (Apr. 11, 2025), at 7:22-8:1 (bifurcating trial where "the basis on which [the court] excluded [the expert's] opinions is probably not that hard to fix"); *see also SUNOCO*, 2020 WL 7330715, at *1, *7 ("The Court further orders that Sunoco be provided an opportunity to present a supplemental expert damages report to address the deficiencies in Dr. Ugone's analysis, based on facts currently in the record. If Sunoco serves such a report, Sunoco shall make Dr. Ugone available for a short deposition. Defendants may also file a rebuttal damages report addressing Dr. Ugone's supplemental report."); Ex. A, *Acceleration Bay*, Slip op. at 2 ("Considering the last-minute scramble going to trial would have caused, I determined that it was appropriate to continue the trial indefinitely, pending

11

resolution on the admissibility of Plaintiffs damages case," and permitting patentee opportunity to supplement expert reports).

In short, the most efficient method to ensure the just determination of this case on the merits is to permit limited supplementation of SmartSky's damages expert report, and permitting Gogo to respond in due course. As a practical matter, Gogo's counterclaims case is not set to proceed until March 2027 at the earliest. (D.I. 530). In turn, the earliest that an appeal of any final judgment is to be had in this case (short of the Court directing entry of a final judgment as to solely SmartSky's claims under Fed. R. Civ. P. 54(b)) is April 2027. Thus, a bifurcated trial or a short continuance of the trial date will permit SmartSky an opportunity to present its damages case, and for a jury to determine damages based on a complete record without necessarily delaying the final disposition of this case.

## IV. PROPOSED BRIEFING SCHEDULE

SmartSky respectfully suggests the following expedited briefing schedule for the resolution of this motion:

| Submission | Due Date |
|---|---|
| SmartSky's Motion to Bifurcate | October 27, 2025 |
| Gogo's Response | October 31, 2025 |
| SmartSky's Reply | November 4, 2025 |

## V. CONCLUSION

For the foregoing reasons, SmartSky respectfully requests that the Court grant its Motion to Bifurcate, or in the alternative, Continue the current trial date, and permit the parties limited supplementation of their expert reports on patent damages.

12

<table>
<tr><td>

OF COUNSEL:

Lance A. Lawson
G. Wade Leach
Mason P. Veal
BURR & FORMAN LLP
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
(704) 347-1170

Ryan M. Corbett
SHUMAKER, LOOP & KENDRICK LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602
(813) 229-7600

Benjamin R. Jenkins, IV
BURR & FORMAN LLP
1221 Main Street, Suite 1800
Columbia, SC 29201
(803) 799-9800

P. Cade Spivey
Burr & Forman LLP
Bank of America Tower
50 North Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200


October 27, 2025

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*

_____
Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
Travis J. Murray (#6882)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
mdellinger@morrisnichols.com
tmurray@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Plaintiff SmartSky Networks, LLC*

</td></tr>
</table>

13

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>Sara M. Metzler, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Jeffrey S. Gerchick, Esquire<br>Keith H. Forst, Esquire<br>Brian Saunders, Esquire<br>QUINN, EMANUEL, URQUHART<br>  & SULLIVAN, LLP<br>1300 I Street NW, Suite 900<br>Washington, D.C.  20005<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Scott L. Watson, Esquire<br>Valerie Lozano, Esquire<br>QUINN, EMANUEL, URQUHART<br>  & SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA  90017<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Alexander Rudis, Esquire<br>QUINN, EMANUEL, URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

Brett N. Watkins, Esquire  
Q<small>UINN</small>, E<small>MANUEL</small>, U<small>RQUHART</small>  
  & S<small>ULLIVAN</small>, LLP  
711 Louisiana Street, Suite 500  
Houston, TX  7002  
*Attorneys for Defendants*

*VIA ELECTRONIC MAIL*

/s/ *Travis J. Murray*

Travis J. Murray (#6882)

2