IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SMARTSKY NETWORKS, LLC**, *Plaintiff,* v. **GOGO BUSINESS AVIATION, LLC and GOGO INC.**, *Defendants.* | Case No. 1:22-cv-00266-JDW |

### MEMORANDUM

Plaintiff SmartSky Networks, LLC and Gogo Business Aviation, LLC and Gogo Inc. (together "Gogo") have presented a claim construction that affects two of the Asserted Patents in this case, U.S. Patent Nos. 11,533,639 and 9,730,077.[1] Both patents enable aircraft to access Wi-Fi while in flight through a 5G cellular network that uses air-to-ground communications. The dispute concerns the meaning of the term "overlaps" in the '639 Patent and the term "overlapping" in the '077 Patent.

### I.   LEGAL STANDARD

In a patent case, the determination of the scope of the claims in the patent is a question of law for the court to resolve. *See Phonometrics, Inc. v. Telecom Inc.*, 133 F.3d

---

[1] When the Parties briefed this dispute, their dispute also included claims undre U.S. Patent No. 10,257,717. I later granted summary judgment and invalidated the '717 Patent, so it's no longer at issue.

1459, 1464 (Fed. Cir. 1998). When construing a claim, a court "generally" gives the words of the claim "their ordinary and customary meaning," which "is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (internal quotations marks omitted). "The court should look first to ... the patent itself, including the claims, the specification[,] and, if in evidence, the prosecution history." *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001).

## II. CONSTRUCTION OF DISPUTED "OVERLAP" TERMS

| Claim Term | SmartSky's Construction | Gogo's Construction | Court's Construction |
|---|---|---|---|
| "first directional radiation pattern overlaps with at least one second directional radiation pattern" ('639 Patent, Claim 1) | "first directional radiation pattern that is layered over at least one second directional radiation pattern" | "a radiation pattern that is layered over another in the vertical direction to provide continuous coverage up to a given altitude" | "first directional radiation pattern that is layered over at least one second directional radiation pattern" |
| "at least partially overlapping coverage areas" ('077 Patent, Claim 1) | "coverage areas that are at least partially layered over each other" | "coverage areas that are layered in the vertical direction to provide continuous coverage up to a given altitude" | "coverage areas that are at least partially layered over each other" |

In both Patents, the term "overlap" (or its related forms) means that there is layering of the coverage areas of the radiation coming from antennas. None of the claim

2

limits in either Patent specifies the way that the overlap occurs. And neither Party has suggested that the term "overlap" has a particular technical meaning to a POSITA. As a rule, a "patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning unless the patentee explicitly redefines the term or disavows its scope." *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1058 (Fed. Cir. 2024) (quotation marks omitted).

The patentee in these cases did not disavow the scope of the term "overlap" or redefine the term. To the contrary, the Patents disclose embodiments that suggest that the patentee meant the term "overlap" to cover overlap in a horizontal or vertical plane (or both). The specificiations of both Patents disclose various embodiments, some of which include vertical overlap and at least one of which includes horizontal overlap of the coverage areas. Figure 1 of each Patent shows coverage areas that overlap in the horizontal plane. The specification of each Patent explains that Figure 1 depicts "overlapping coverage … over a **horizontal** plane." ('639 Patent at 4:27–35; '077 Patent at 4:29–36 (emphasis added).) In other places, the specification discloses vertical overlap of radiation bands, like when it discribes overlaps that occur at "different altitude ranges" or in "altitude bands." ('639 Patent at 3:28–31; '077 Patent at 3:36–40)). Because the Patents' specifications dislose the possibility of horizontal or vertical overlap, I construe the terms "overlaps" and "overlapping" to include both possibilities.

3

Gogo's suggestion that I read construe "overlap" to require overlap in a vertical plane ignores the language that discloses overlapping coverage in a horizontal plane. The Federal Circuit recently reiterated that courts should not "interpret claim terms in a way that excludes embodiments disclosed in the specification." *EcoFactor*, 92 F.4th at 1058 (quotation marks omitted). That's what Gogo's proposed construction would do, and that's why I reject it.

Gogo seems to argue that because the purpose of the claims is to ensure coverage up to a particular altitude, a POSITA would necessarily understand the "overlap" terms to require overlapping in a vertical plane. But Gogo has not offered any evidence to support that argument. There's no expert opinion or other evidence that might lead me to discount what the Patents' specifications disclose. In the absence of such evidence, I can only go by what the Patents disclose.

To the extent that Gogo asks me to impose other limits in my construction of the "overlap" terms, I reject those requests. For example, Gogo's proposed construction would require "continuous" coverage. None of the claims in either Patent imposes a continuity requirement, though. And, as SmartSky points out, Figure 3 in the '077 Patent illustrates an embodiment in which the coverage is not continuous. I therefore have no reason to import any additional limits into my construction of these terms.

### III.     CONCLUSION

I will construe the disputed claims as described above. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 6, 2025